BRADY, Justice:
This is an appeal from the Circuit Court of the Second Circuit Court District of Jones County, Mississippi, wherein the circuit judge sitting without a jury held that the city of Laurel was liable to the appellee in the sum of $4,000. From that judgment this appeal is taken.
The appellant, the city of Laurel, through its agent, the South Mississippi Fair and Dairy Show Association, for many years has held the South Mississippi Fair at what is known as the Laurel Fair Grounds. The Fair Grounds consist of forty fenced acres containing cattle buildings, exhibit buildings, lunch stands, grandstand and various other facilities which are jointly advertised and which are attended by approximately sixty thousand people each year. On September 29, 1968, a Sunday immediately prior to the opening of the Fair, a horse show was sponsored by the Association to advertise the Fair, and the concession stands were open on what is referred to as the City Midway. The city leases these concession spaces to various organizations and receives a percentage from the shows and rides while the Fair is in operation. The City Midway consists of a blacktop walkway through which persons going to the show area would ordinarily walk.
On Sunday, September 29, 1968, just prior to the opening of the Fair on Monday, September 30, which is commonly known as “Set-up Day,” the city sponsored the horse show which is a free admission show for the purpose of securing patronage to the Fair. It appears from the record that many of the concessions were operating on September 29 and that also some of the rides and shows owned by Century 21 Shows, Inc., lessee, a corporation that provides amusement, were being assembled in preparation for the official opening of the Fair which was to begin on September 30, 1968. The appellee along with her husband and minor child went to the Fair Grounds for the purpose of taking the child to see the horse show. Upon arriving at the Fair Grounds and seeing that the crowd entering the horse show was large, the appellee, her husband and child decided to forego the horse show in order to see and enjoy the concessions which were open and operating on the City Midway. At approximately 2:30 p. m., the appellee, her husband and child stopped at the Ellisville State School booth in order that they might purchase a chance on a small car being given away by the school system. As the appellee’s husband was filling out the chance, the appel-lee was struck from the rear by an automobile proceeding down the narrow midway. The force of the automobile bumped and rolled the appellee into the Ellisville State School table or booth and proceeded to push her down the rail along the side *927 thereof. The appellee was taken to the Ellisville Municipal Hospital where she stayed from September 29 to October 5, 1968. The doctors treating the forty-five year old appellee diagnosed the bruises and injury to the appellee’s left hip as traumatic bursitis, which condition they testified was a direct result of the injuries received at the Fair Grounds by the appellee. One physician further testified that the appel-lee had now fully recovered from the injuries sustained.
The appellee proceeded against the city of Laurel upon the grounds that the city was under a duty to exercise reasonable care to protect pedestrians on the midway when the city knew or by the exercise of reasonable care should have known that the midway would be occupied by automobiles and pedestrians. The appellee charged specifically that the city was negligent in failing to warn the pedestrians of the possibility of traffic and in failing to erect signs to prohibit the vehicles in the walking area, and further the city failed to have any traffic control over the pedestrians and vehicles when the city knew that automobiles and trucks would have to drive on the midway from time to time to deliver merchandise to the concession stands located thereon. The circuit judge, sitting by stipulation of all parties as judge and jury, rendered his verdict that the city of Laurel was liable to appellee in the sum of $4,000. He stated as follows:
It would appear that it would be a matter of common sense to know that if a large number of pedestrians were allowed to walk up and down the comparatively narrow lanes of the midway at a time when vehicles were coming in and out without any attempt to exercise any traffic control that some injuries would be likely to occur, even though an automobile might be running very slowly. * * *
The operator of a place of public amusement is under a duty to exercise reasonable care for the safety and protection of patrons. * * *
* * * (T)he failure of the City to exercise any traffic control whatever under the peculiar circumstances of the operation of the fair on Sunday before the opening day falls within that classification of a negligent act as described in Mauney v. Gulf Refining Co., et al., 193
Miss. 421, 9 So.2d 780 (1942). * * *
After a careful reading of the record and briefs in this cause, it is the opinion of this Court that the evidence presented by the appellee is sufficient to justify the findings of fact by the learned trial judge. The evidence justifies his judgment that the city was guilty of not exercising reasonable care to provide a safe walkway for the appellee and therefore was negligent.
The judgment rendered in the trial court is affirmed.
Affirmed.
All Justices concur.